UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 16-21845-AJC |
| JESUS CERRATO, | : | CHAPTER 7 |
| Debtor. | : | |
| _____/ | | |

## TRUSTEE'S OBJECTION TO CLAIM

> **IMPORTANT NOTICE TO CREDITORS:**
> **THIS IS AN OBJECTION TO YOUR CLAIM**
>
> This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.
>
> If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve (mail) a copy to the Trustee OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.
>
> Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, Room 150, Miami, FL 33128.

Pursuant to FRBP 3007 and Local Rule 3007-1, the Trustee objects to the following claims filed in this case:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 1-1 | Quantum3 Group LLC as agent for Comenity Bank P.O. Box 788 Kirkland, WA 98083-0788 | $9,714.51 | **Objection:** Based upon the Trustee's ongoing review of the claims filed in this matter, and the Debtor's bankruptcy petition and schedules and other relevant financial documents, the Trustee submits that the Trustee is unable to verify the validity of the claim asserted in Claim No. 1-1, filed by Quantum3 Group LLC in the amount of $9,714.51. |

| | | | | Specifically, the Trustee is unable to ascertain whether the Claimant in fact has a claim against the Debtor's estate for the following reasons: |
|---|---|---|---|---|
| | | | | 1. The Claimant has not produced any documentation to the Trustee which enables the Trustee to verify the validity of the claim. For example, the Trustee requests the production of an account statement or credit agreement evidencing the pre-petition Debtor-Creditor relationship. The Trustee notes that the Creditor has attached "Statement of Account Information" however nothing in this document contains evidence of a pre-petition Debtor-Creditor relationship, and in fact it appears that all of the information in this document could have been obtained by nothing more than a cursory review of the Debtor's bankruptcy petition, schedules, and SOFA.
2. The Trustee's concerns are consistent with the requirements of Fed.R.Bankr.P.3001, and the provisions of 11 U.S.C. §502(b). Rule 3001(c)(3)(B) provides that "on written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision," i.e. the writing upon which the proof of claim is based.  With respect to the provisions of §502(b)(1), it is well established that claims shall not be allowed if the claim would be unenforceable against the Debtor under applicable non-bankruptcy law.  If the Trustee |

| | | | |
|---|---|---|---|
| | | | cannot tell based on the claim, as it is filed, whether the creditor authorized the filing of the proof of claim, then it is similarly impossible to tell whether the claim is enforceable against the Debtor.  Additionally, if the Trustee cannot tell whether a claim is valid and enforceable against the Debtor based on the claim as-filed, then the Trustee cannot perform his statutory duties pursuant to 11 U.S.C. §704(5). <br><br>The Trustee requests that the Claimant produce documentation to the Trustee in order to establish the validity and extent of this Claim, specifically an account statement, a credit agreement, or another document which clear evidences the pre-petition Debtor-Creditor relationship. <br><br>This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name. <br><br>**Recommended Disposition:**  In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain the validity and extent of the Claim, the Trustee requests that Claim No. 1-1 be stricken and disallowed. |
| 2-1 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. <br>Resurgent Capital Services <br>P.O. Box 19008 <br>Greenville, SC 29602 | $15,035.21 | **Objection:**  Based upon the Trustee's ongoing review of the claims filed in this matter, and the Debtor's bankruptcy petition and schedules and other relevant financial documents, the Trustee submits that the Trustee is unable to verify the validity of the claim asserted in Claim No. 2-1 filed by PYOD, LLC in the amount of $15,035.21. |

|  |  |  | Specifically, the Trustee is unable to ascertain whether the Claimant in fact has a claim against the Debtor's estate for the following reasons:<br><br>1. The Claimant has not produced any documentation to the Trustee which enables the Trustee to verify the validity of the claim. For example, the Trustee requests the production of an account statement or credit agreement evidencing the pre-petition Debtor-Creditor relationship. The Trustee notes that the Creditor has attached "Proof of Claim – Account Detail" however nothing in this document contains evidence of a pre-petition Debtor-Creditor relationship, and in fact it appears that all of the information in this document could have been obtained by nothing more than a cursory review of the Debtor's bankruptcy petition, schedules, and SOFA.<br>2. The Trustee's concerns are consistent with the requirements of Fed.R.Bankr.P.3001, and the provisions of 11 U.S.C. §502(b). Rule 3001(c)(3)(B) provides that "on written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision," i.e. the writing upon which the proof of claim is based. With respect to the provisions of §502(b)(1), it is well established that claims shall not be allowed if the claim would be unenforceable against the Debtor under applicable non-bankruptcy law. If the Trustee |

| | | | |
|---|---|---|---|
| | | | cannot tell based on the claim, as it is filed, whether the creditor authorized the filing of the proof of claim, then it is similarly impossible to tell whether the claim is enforceable against the Debtor.  Additionally, if the Trustee cannot tell whether a claim is valid and enforceable against the Debtor based on the claim as-filed, then the Trustee cannot perform his statutory duties pursuant to 11 U.S.C. §704(5). <br><br>The Trustee requests that the Claimant produce documentation to the Trustee in order to establish the validity and extent of this Claim, specifically an account statement, a credit agreement, or another document which clear evidences the pre-petition Debtor-Creditor relationship. <br><br>This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name. <br><br>**Recommended Disposition:**  In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain the validity and extent of the Claim, the Trustee requests that Claim No. 2-1 be stricken and disallowed. |
| 3-1 | Sheffield Financial <br>Bankruptcy Section/100-50-1-51 <br>P.O. Box 1847 <br>Wilson, NC 27894 | $996.20 | **Objection:**  Claim No. 3-1 was filed by the Creditor Sheffield Financial and was filed as a secured claim in the amount of $996.20.  The Trustee submits that the collateral securing this claim was not administered by the Trustee.  On this basis, the Trustee objects to this claim being classified as a secured claim. The Trustee is unable to determine at this |

| | | | |
|---|---|---|---|
| | | | time whether Claim #3-1 may be treated as an allowed unsecured claim. The Trustee hereby requests that the Claimant produce documentation to the Trustee in order to allow the Trustee to determine if the Claimant has an allowed unsecured claim in this proceeding.  Specifically, the Trustee requests that the Claimant produce proof that the collateral was sold and that the claim filed represents an actual liquidated deficiency balance. This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name.<br><br>**Recommended Disposition:**  In the event that the Claimant is able to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain that the Claimant is entitled to be re-classified as a general unsecured claim, then Trustee requests that Claim No. 3-1 be re-classified as a general unsecured claim.<br><br>In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain that the Claimant is entitled to be treated as a general unsecured claim, the Trustee requests that Claim No. 3-1 be stricken and disallowed. |
| 4-1 | Sheffield Financial<br>Bankruptcy Section/100-50-1-51<br>P.O. Box 1847<br>Wilson, NC 27894 | $1,089.19 | **Objection:**  Claim No. 4-1 was filed by the Creditor Sheffield Financial and was filed as a secured claim in the amount of $1,089.19. The Trustee submits that the collateral securing this claim was not administered by the Trustee.  On this basis, the Trustee objects to this claim being classified as a secured claim.<br>The Trustee is unable to determine at this time whether Claim #4-1 may be treated as an allowed unsecured claim. The |

| | | | |
|---|---|---|---|
| | | | Trustee hereby requests that the Claimant produce documentation to the Trustee in order to allow the Trustee to determine if the Claimant has an allowed unsecured claim in this proceeding.  Specifically, the Trustee requests that the Claimant produce proof that the collateral was sold and that the claim filed represents an actual liquidated deficiency balance. This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name.<br><br>**Recommended Disposition:**  In the event that the Claimant is able to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain that the Claimant is entitled to be re-classified as a general unsecured claim, then Trustee requests that Claim No. 4-1 be re-classified as a general unsecured claim.<br><br>In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain that the Claimant is entitled to be treated as a general unsecured claim, the Trustee requests that Claim No. 4-1 be stricken and disallowed. |
| 5-1 | Sheffield Financial<br>Bankruptcy Section/100-50-1-51<br>P.O. Box 1847<br>Wilson, NC 27894 | $12,304.08 | **Objection:**  Claim No. 5-1 was filed by the Creditor Sheffield Financial and was filed as a secured claim in the amount of $12,304.08. The Trustee submits that the collateral securing this claim was not administered by the Trustee.  On this basis, the Trustee objects to this claim being classified as a secured claim.<br>The Trustee is unable to determine at this time whether Claim #3-1 may be treated as an allowed unsecured claim. The Trustee hereby requests that the Claimant produce documentation to the Trustee in |

| | | | |
|---|---|---|---|
| | | | order to allow the Trustee to determine if the Claimant has an allowed unsecured claim in this proceeding. Specifically, the Trustee requests that the Claimant produce proof that the collateral was sold and that the claim filed represents an actual liquidated deficiency balance. This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name.<br><br>**Recommended Disposition:** In the event that the Claimant is able to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain that the Claimant is entitled to be re-classified as a general unsecured claim, then Trustee requests that Claim No. 5-1 be re-classified as a general unsecured claim.<br><br>In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain that the Claimant is entitled to be treated as a general unsecured claim, the Trustee requests that Claim No. 5-1 be stricken and disallowed. |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed on this 4th day of April, 2017 to: the creditors listed in the Objection to Claim as follows:

| Quantum3 Group LLC as agent for Comenity Bank P.O. Box 788 Kirkland, WA 98083-0788 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services P.O. Box 19008 Greenville, SC 29602 | Sheffield Financial Bankruptcy Section/100-50-1-51 P.O. Box 1847 Wilson, NC 27894 |
|---|---|---|

**I CERTIFY THAT** a copy of the foregoing was served via the Notice of Electronic Filing on this 4th day of April, 2017 to:

- Robert A Angueira trustee@rabankruptcy.com, fl79@ecfcbis.com tassistant@rabankruptcy.com lisa@rabankruptcy.com lillian@rabankruptcy.com
- Isabel V Colleran    isabel.colleran@blaxgray.com,   bky@blaxgray.com, legalassistC@blaxgray.com
- Timothy S Kingcade    scanner@miamibankruptcy.com, kingcadeserve@bellsouth.net
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Yanay Galban yanay@rabankruptcy.com, robert@rabankruptcy.com

Dated:   April 4, 2017

        ROBERT A. ANGUEIRA
        Chapter 7 Trustee
        16 SW 1st Avenue
        Miami, FL 33130
        Tel. (305) 263-3328
        Fax (305) 263-6335
        e-mail trustee@rabankruptcy.com

By _____/s/_____
     ROBERT A. ANGUEIRA
     Chapter 7 Trustee
     Florida Bar No. 0833241